Jiang v. Holder

BIA
Hom, IJ
A093 341 885

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of September, two thousand thirteen.

PRESENT:
>       PETER W. HALL,
>       DENNY CHIN,
>       CHRISTOPHER F. DRONEY,
>            *Circuit Judges.*
_____

JIN HUA JIANG,
>       *Petitioner,*

>       v.                                        12-2759
>                                                 NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*
_____

FOR PETITIONER:        Lee Ratner, Law Offices of Michael
                       Brown, PC, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Principal Deputy
                       Assistant Attorney General; Russell
                       J.E. Verby, Senior Litigation
                       Counsel; John D. Williams, Trial

**Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Jin Hua Jiang, a native and citizen of the People's Republic of China, seeks review of a June 18, 2012, decision of the BIA affirming the May 27, 2011, decision of Immigration Judge ("IJ") Sandy K. Hom, which pretermitted his application for asylum as untimely and denied his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Jin Hua Jiang,* No. A093 341 885 (B.I.A. June 18, 2012), *aff'g* No. A093 341 885 (Immig. Ct. N.Y. City May 27, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because the BIA stated alternate grounds for denial without rejecting any of the IJ's reasoning, we have reviewed both the IJ's and the BIA's decisions. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006). The applicable standards of review are well-established.

2

*See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Under 8 U.S.C. § 1158(a)(3), no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under § 1158(a)(2)(B) unless a petition raises a constitutional claim or question of law. *See id.* § 1252(a)(2)(D). Although Jiang's challenge to the agency's pretermission of his asylum application as untimely is framed in terms of questions of law – whether the agency erred in rejecting probative evidence and whether a fee receipt was sufficient to discharge his burden of proof – we lack jurisdiction to review his challenge because he merely quarrels with the IJ's factual determination. *See* 8 U.S.C. § 1158(a); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). Accordingly, we dismiss the petition in part as to asylum. As Jiang has waived any challenge to the agency's denial of CAT relief, the only issue before us is whether the agency erred in denying withholding of removal.

For applications for withholding of removal such as Jiang's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency

3

may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," and any inconsistencies in his statements, without regard to whether those inconsistencies go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *see also* 8 U.S.C. § 1231(b)(3)©.  This Court "defer[s] to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).

Here, substantial evidence supports the agency's adverse credibility determination.  Contrary to Jiang's contention, the IJ reasonably characterized as inconsistent his testimony about the dates related to his persecution in China because Jiang initially testified that he was reported for hiding a Falun Gong practitioner on September 13, 2004, but later he indicated it was September 28, 2004.  *Id.* Moreover, as the agency found, Jiang's inability to recall important dates related to his alleged persecution without prompting from his attorney undermined his credibility.  *See Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d

4

Cir. 2005) (affording "particular deference" to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor).

Jiang also contends that he sufficiently corroborated his claim. However, the agency reasonably determined that Jiang failed to adequately corroborate his Falun Gong practice in China given that the evidence he provided lacked the indicia of reliability. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Chuilu Liu v. Holder*, 575 F.3d 193, 197-98 (2d Cir. 2009); *Xiao Ji Chen*, 471 F.3d at 342. The agency reasonably afforded limited evidentiary weight to a letter from Jiang's wife because she lacked personal knowledge of relevant events in China, and to statements from other family members because they were unsworn, unauthenticated, and based on hearsay. *See Xiao Ji Chen*, 471 F.3d at 342; *Matter of H-L-H- & Z-Y-Z-*, 25 I&N Dec. 209, 215 (BIA 2010), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

Finally, Jiang's accurate observation that the IJ misidentified his attorney's name in the written decision is insufficient to require remand because the error was superficial and did not taint the IJ's reasoning for denying relief. *Tu Lin v. Gonzales*, 446 F.3d 395, 401 (2d Cir. 2006).

5

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk